UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JON HUMES, | No. 2:17-cv-2327 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| TRACIE OLSON, | |
| Defendant. | |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. ECF No. 1.

I. Application to Proceed In Forma Pauperis

Plaintiff has not paid the filing fee or requested leave to proceed in forma pauperis. However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend that the complaint be summarily dismissed.

II. Complaint

Plaintiff alleges that his Fourteenth Amendment due process rights and rights to family and to procreate were violated by his public defender, defendant Olson, when she failed to take action during his criminal proceedings, which resulted in plaintiff remaining in jail and losing custody of his daughter. ECF No. 1 at 3-5.

////

### III. Failure to State a Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

In this case, plaintiff's claims against Olson are based on his allegations that she was deficient in carrying out her duties as counsel. Because plaintiff's allegations are about Olson's actions in representing him as a public defender, Olson was not acting under color of state law. This means that plaintiff cannot bring a claim against her under § 1983. Furthermore, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). For these reasons, the claims against defendant Olson should be dismissed without leave to amend.

### IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

////

////

V. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your claims should be dismissed because even if what you say is true, your defense attorney cannot be sued under § 1983. That civil rights statute is for lawsuits against individuals who act "under color of state law," which generally means state and local officials. It does not include public defenders.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2017.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE