UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>        Plaintiff,<br><br>    v.<br><br>TRACIE OLSON,<br><br>        Defendant. | No. 2:17-cv-2327 JAM AC P<br><br><br>ORDER |

In findings and recommendations filed November 14, 2017, the undersigned recommended dismissal of the complaint without leave to amend because plaintiff was attempting to bring claims against his public defender on the ground that she was deficient in carrying out her duties. ECF No. 4. Plaintiff has filed objections to the findings and recommendations stating that he would like to amend his complaint to assert claims against the Yolo County Probation Department. ECF No. 5. The court infers from plaintiff's objections that the intended claims against the Probation Department arise from the same underlying dispute as the initial claims against the public defender, regarding plaintiff's detention in relation to a probation matter. Accordingly, the findings and recommendations will be vacated and plaintiff will be given an opportunity to amend the complaint to assert his new claims.

    I.    <u>Application to Proceed In Forma Pauperis</u>

In the November 14, 2017 screening order, the court noted that plaintiff had not filed an in

1

forma pauperis application or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1]  ECF No. 4.  Because it was being recommended that the complaint be summarily dismissed, the court declined to assess a filing fee at that time.  Id.  However, since plaintiff is now being given an opportunity to amend the complaint, he will be required to either submit an application to proceed in forma pauperis or pay the required fees totaling $400.00.  Plaintiff is cautioned that if he intends to seek leave to proceed in forma pauperis, his application must be accompanied by a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of this action.

## II.     The Allegations of The Initial Complaint Fail to State a Claim

Plaintiff's original complaint alleges that his Fourteenth Amendment due process rights and rights to family and to procreate were violated by his public defender, defendant Olson, when she failed to take action during his criminal proceedings, which resulted in plaintiff remaining in jail and losing custody of his daughter.  ECF No. 1 at 3-5.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

In this case, plaintiff's allegations against Olson are based on his claims that Olson was deficient in carrying out her duties as counsel.  Because plaintiff's allegations are about Olson's actions in representing him as a public defender, Olson was not acting under color of state law.  This means that plaintiff cannot bring a claim against her under § 1983.  Furthermore, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

2

### III. Leave to Amend

Because plaintiff has requested leave to file an amended complaint alleging constitutional violation by the Yolo County Probation Department, he will be given an opportunity to file an amended complaint. Plaintiff is free to reassert his original claims against Olson in an amended complaint. If he chooses to do so, the undersigned will recommend that such claims be dismissed for the reasons explained above.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In amending the complaint, plaintiff is advised that "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under § 1983 only

where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694; Polk County v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691 (emphasis in original).

Since it appears that plaintiff may also be seeking to bring claims under the Americans with Disabilities Act (ADA), he is further advised that to state a claim under Title II of the ADA, he must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted). "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original).

IV. Plain Language Summary of this Order for a Pro Se Litigant

You must complete and return the application to proceed in forma pauperis or pay the filing fee.

The complaint is dismissed and you are being given a chance to file an amended complaint. If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

4

Accordingly, IT IS HEREBY ORDERED that:

1. The November 14, 2017 findings and recommendations (ECF No. 4) are VACATED.

2. Plaintiff shall submit, within thirty of service of this order, an application in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner and a copy of the prisoner complaint form used in this district.

IT IS SO ORDERED.

DATED: December 6, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5