UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TRACIE OLSON, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-2327 JAM AC P<br><br><br>ORDER |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to Title II of the Americans with Disabilities Act (ADA) and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.　　Application to Proceed In Forma Pauperis

Plaintiff has submitted a motion for an injunction requiring the Sacramento County Jail to provide him with a copy of his financial statement to support his in forma pauperis application. ECF No. 11. It is unclear why plaintiff believes that the jail has refused to provide him with the required documentation. The required financial statement was certified approximately one month before plaintiff submitted his motion and was received by the court one week prior to the motion for injunction. ECF No. 8. Accordingly, the motion for injunction will be denied as moot.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

1915(a). ECF Nos. 8, 10. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Complaint

The first amended complaint alleges that plaintiff was discriminated against by the Yolo County Probation Department and Judge Shockley. ECF No. 9. Specifically, he alleges that the probation department refused to give him bus passes even though he advised that he is severely disabled and unable to get to the probation office without assistance. Id. at 3. When plaintiff failed to report, a "NO BAIL FELONY arrest warrant" was issued. Id. Several years later plaintiff "was able to find a ride to Woodland to do a warrant surrender in court," at which time he told Judge Shockley that the probation department had refused to provide accommodations to make the constructive custody program (probation) accessible and had told him that if he wanted accommodations, they would make them for him in jail. Id. at 3-4. Plaintiff was then sent to prison for sixteen months. Id.

////

1 | IV. Failure to State a Claim

   A. Judge Shockley

"It is well settled that judges are generally immune from suit for money damages." Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (citing Mireles v. Waco, 502 U.S. 9, 9-10 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). A judge's jurisdiction is quite broad and its scope is determined by the two-part test articulated in Stump:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to [(1)] the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and [(2)] to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Id. at 362.

Defendant Shockley's decision not to release plaintiff from custody falls squarely within the scope of functions "normally performed by a judge" and was made while she was acting as a superior court judge. Defendant Shockley is therefore absolutely immune from liability and the claims against her must be dismissed. See Duvall, 260 F.3d at 1133 (concluding that judge was acting in judicial capacity when he refused to accommodate plaintiff and therefore entitled to absolute judicial immunity).

   B. Yolo County Probation Department

In order to state a claim under Title II of the ADA, plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted). "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original).

Plaintiff's allegation that the probation department's "policy NOT to give disabled people bus passes or any other type of assistance" violates the ADA fails to state a claim. The complaint does not provide any facts that would indicate that transportation assistance is a service otherwise offered by the probation department and denied to him only because he is disabled. Instead, it appears that the probation department simply does not provide such services even if a probationer is disabled. Additionally, plaintiff's ultimate inability to meet his probation conditions, which he claims makes the program unavailable to him, appear to be based not upon his disability, but his inability to afford or otherwise secure transportation. These facts do not state a claim for discrimination under the ADA. See Weinreich, 114 F.3d at 979 (holding that plaintiff's exclusion from reduced fare program for disabled persons was not based upon his disability, but his failure to provide certification of his qualifying disability, which was due to his financial circumstances); Wallace v. Jones, No. 2:12-cv-02018 TLN DAD P, 2013 WL 2190174, at *3, 2013 U.S. Dist. LEXIS 71368, at *7-8 (E.D. Cal. May 20, 2013) ("Although the state must provide constitutionally adequate food, clothing and shelter for incarcerated prisoners, there is no duty for parole officers to ensure that parolees obtain public assistance, housing or medical care." (citations omitted)).

Plaintiff will be given one final opportunity to amend the complaint. He is advised that in order to show that the probation department's failure to provide him with bus passes violated the ADA, he must allege facts that show that transportation assistance was a service normally provided by the probation department and that the reason he was denied bus passes was because he was disabled. He must also allege facts that demonstrate he had a qualifying disability. Simply stating that he was disabled is not sufficient.

////

5

V.   Leave to Amend

Plaintiff is being given one final opportunity to amend the complaint. He is free to reassert his claims against Judge Shockley in an amended complaint. If he chooses to do so, the undersigned will recommend that such claims be dismissed for the reasons explained above.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains violated his rights under the ADA. Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.  Plain Language Summary of this Order for a Pro Se Litigant

Your motion for injunction is denied because the documentation you wanted has already been provided. Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. Your claims against Judge Shockley are barred by absolute judicial immunity. Your claims against the Yolo County Probation Department do not show that you were denied services because of your disability.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 8, 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's first amended complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

SO ORDERED.

DATED: December 27, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE