UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HUMES,

        Plaintiff,

    v.

YOLO COUNTY PROBATION DEPARTMENT,

        Defendant.

No. 2:17-cv-2327 JAM AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a former county and current state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. Currently before the court is defendant's fully briefed motion to dismiss plaintiff's third amended complaint (ECF No. 31) and plaintiff's motions for a subpoena (ECF No. 36), to compel discovery (ECF No. 37), and to proceed (ECF No. 39).

    I.     Plaintiff's Allegations

Plaintiff alleges that while on probation in Yolo County, he was required to report in person to his probation officer in Woodland, California. ECF No. 19 at 4. However, during his probation, plaintiff lived in Sacramento and was "gravely 100% disabled by severe brain and spinal damage," which made it difficult for him to get to Woodland. Id. This took place "a short time after [his] 28 day coma and three brain surgeries," which occurred thirty years ago. Id. Although plaintiff contacted the probation department multiple times for assistance in arranging

1

transportation between Sacramento and Woodland and to request that his probation be moved to Sacramento, the probation department denied both requests. Id. He then informed a judge that defendant had "refused to make accommodations" for him, yet the judge sent him to prison anyway. Id. Plaintiff alleges that by failing to make adequate accommodations for his disabilities, defendant violated his rights under the ADA and the Equal Protection Clause of the Fourteenth Amendment. Id.

II.     Motion to Dismiss

Defendant contends that the third amended complaint should be dismissed because the alleged denial of accommodations occurred thirty years ago, and the claims are therefore time-barred. ECF No. 31 at 2-3. Defendant argues that plaintiff became aware of his injury and the statute of limitations began to run when "he affirmatively requested accommodations and was denied on the spot by the Judge." Id. at 3.

Plaintiff opposes the motion on the ground that he "was severely brain damaged and didn't realize that [he had] been injured until 2017" and that the statute of limitations did not begin to run until he was aware of the injury. ECF No. 32. He argues that individuals with severe brain damage "may NEVER realize that they've been 'injured,' in a Civil Rights type of way." Id. at 1.

A.     Legal Standard for Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

1  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.
2  (citing Twombly, 550 U.S. at 556).

3       In considering a motion to dismiss, the court must accept as true the allegations of the
4  complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976)
5  (citation omitted), and construe the pleading in the light most favorable to the party opposing the
6  motion and resolve all doubts in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421
7  (1969) (citations omitted). The court will "'presume that general allegations embrace those
8  specific facts that are necessary to support the claim.'" Nat'l Org. for Women, Inc. v. Scheidler,
9  510 U.S. 249, 256 (1994) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)).
10  However, while pro se pleadings are held "to less stringent standards than formal pleadings
11  drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (citations omitted),
12  the court need not accept legal conclusions "cast in the form of factual allegations," W. Mining
13  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

14       "If the running of the statute is apparent on the face of the complaint, the defense may be
15  raised by a motion to dismiss." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)
16  (citations omitted). "When a motion to dismiss is based on the running of the statute of
17  limitations, it can be granted only if the assertions of the complaint, read with the required
18  liberality, would not permit the plaintiff to prove that the statute was tolled." Id. (citation
19  omitted); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999) (citation omitted).

20      B. Statute of Limitations

21         i. Title II of the Americans with Disabilities Act

22       "Title II of the ADA does not contain an express statute of limitations" and the court
23  therefore "borrow[s] the statute of limitations applicable to the most analogous state-law claim, so
24  long as 'it is not inconsistent with federal law or policy to do so.'" Sharkey v. O'Neal, 778 F.3d
25  767, 770 (9th Cir. 2015) (citations omitted). The Ninth Circuit has held that California's "three-
26  year statute of limitations for '[a]n action upon a liability created by statute, other than a penalty
27  or forfeiture'" is the statute of limitations that applies to the state-law claim most analogous to a
28  ////

claim under Title II of the ADA.  Id. at 771, 773 (quoting Cal. Civ. Proc. Code § 338(a)).[1]

Therefore, in California, the statute of limitations for claims under Title II of the ADA is three-

years.  Id. at 774-75.

           ii.  Equal Protection

      "Section 1983 does not contain its own statute of limitations."  TwoRivers, 174 F.3d at

991.  Accordingly, "[f]or actions under 42 U.S.C § 1983, courts apply the forum state's statute of

limitations for personal injury actions."  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)

(citation omitted).  At the time of the alleged violations, the statute of limitations in California

was one year.  Cal. Civ. Proc. Code § 340 (1988); Jones, 393 F.3d at 927 (two-year statute of

limitations went into effect in 2003).

           iii.  Accrual

      "Although state law determines the length of the limitations period, federal law

determines when [the] claim accrues."  Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th

Cir. 2000) (citing TwoRivers, 174 F.3d at 991).  "Under federal law, a claim accrues when the

plaintiff knows or has reason to know of the injury which is the basis of the action."  TwoRivers,

174 F.3d at 991 (citation omitted).  The critical inquiry is when did the plaintiff "know or have

reason to know of the injury of which they complain?"  Morales, 214 F.3d at 1154.  "An action

ordinarily accrues on the date of injury."  Pouncil v. Tilton, 704 F.3d 568, 574 (9th Cir. 2012)

(citing Ward v. Westinghouse Canada, Inc., 32 F.3d 1405, 1407 (9th Cir. 1994)).

      Defendant argues that the statute of limitations began to run the moment plaintiff

"affirmatively requested an accommodation and was denied on the spot by the Judge."  ECF No.

31 at 3.  According to plaintiff's complaint, this denial of accommodations occurred

approximately thirty years ago.  ECF No. 19 at 4.  However, plaintiff argues that he did not

realize he had been injured until 2017 because he "was severely brain damaged."  ECF No. 32 at

1.  He points out that individuals with disabilities akin to his own "may NEVER realize that

they've been 'injured,' in a Civil Rights type of way."  Id.  Plaintiff contends that he has now

---

[1]  The statute of limitations under California Code of Civil Procedure § 338 has been three years
since at least 1987.  Cal. Civ. Proc. Code § 338 (1987).

1  recovered enough to realize that he was injured by defendant's "refusal to respect [his] 14th

2  Amendment Right to 'Adequate Accomidations!' [sic]." Id. at 1-2.

3     Plaintiff clearly suggests that the statute of limitations began to run only once he

4  suspected a legal wrong, rather than when he became aware of an actual injury. ECF No. 32 at 1.

5  The Ninth Circuit has expressly addressed this distinction. In Lukovosky v. City and County of

6  San Francisco, it held the statute of limitations accrues at the moment "the plaintiffs knew they

7  had been injured and by whom, even if at that point in time the plaintiffs did not know of the legal

8  injury." 535 F.3d 1044, 1051 (9th Cir. 2008) (internal citation omitted). Thus, plaintiff's

9  contention that it was his delayed awareness of the legal wrong, rather than of the actual injury,

10 that triggered the statute of limitations is unconvincing.

11    Plaintiff's complaint refers to his attempts to receive accommodations in connection with

12 the location of his probation, and specifically alleges that he "repeatedly called [the] probation

13 dep't. to beg for help getting from Sacramento to Woodland . . . or to have said probation moved

14 to Sacramento." ECF No. 19 at 4. He also claims that he notified a judge of the alleged denial of

15 accommodations, but to no avail. Id. Plaintiff's repeated complaints affirmatively demonstrate

16 that he was aware he had been "injured" or wronged by the defendant at the time. The fact that

17 he may have been unfamiliar with the precise legal wrongs that may have occurred is not

18 determinative. Lukovksy, 535 F.3d at 1051.

19    Therefore, based on the allegations in the complaint, plaintiff's claims accrued when he

20 affirmatively requested and was denied accommodations—roughly thirty years prior to the filing

21 of the complaint. Since the third amended complaint was filed in February 2018, this means that

22 the alleged violations took place sometime around 1988.

23    The court notes that based on these allegations, plaintiff's claim under the ADA is barred

24 because "[t]he ADA is not retroactive and it does not apply to actions taken prior to July 26,

25 1992, the effective date of the Act." Brown v. Gen. Tel. Co. of Cal., 108 F.3d 208, 209 (9th Cir.

26 1997) (per curiam) (citations omitted). However, construing the complaint liberally, the court

27 will assume that plaintiff's claims accrued as late as the date he notified a judge that he was being

28 refused accommodations and he was sent to prison. ECF No. 19 at 4. Taking into consideration

plaintiff's request for a subpoena, which seeks records from his August 29, 1994 conviction in Yolo County as evidence of the discrimination he experienced (ECF No. 36 at 4), the court will assume for the sake of the motion to dismiss that if plaintiff were given leave to amend the complaint, he would allege facts showing that his claims arose on or shortly after August 29, 1994, making the ADA applicable.

Regardless, even assuming plaintiff's claims accrued in 1994, rather than 1988, the three-year statute of limitations for plaintiff's Title II claim and the one-year statute of limitations for his equal protection claim bar the present action unless plaintiff's incarceration or mental capacity tolled the limitations period sufficiently to permit him to proceed with this suit.

C. Tolling

In addition to applying the state statute of limitations, "[f]ederal courts also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Hardin v. Straub, 490 U.S. 536, 537-39 (1989); Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988)). Thus, California law governs tolling in this case.

i. Statutory Tolling

The California Code of Civil Procedure includes two tolling provisions that are potentially applicable to plaintiff's claims: section 352, which provides tolling based on the lack of capacity to make decisions and section 352.1, which provides tolling on the basis of imprisonment.

Section 352(a) of the California Code of Civil Procedure provides that if a person bringing claims such as plaintiff's "is, at the time the cause of action accrued . . . lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action."[2] A person lacks legal capacity under section 352 if he or she is "'incapable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts.'" Feeley v. S. Pac. Transp. Co., 234 Cal. App. 3d 949, 952 (1991) (alteration in

---

[2] Prior to 2015, section 352(a) used the term "insane" rather than "lacking the legal capacity to make decisions." Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 522 n.3 (9th Cir. 2018) (citations omitted). The change was simply to replace "offensive and outdated terms" and there is no legal difference between the terms. Id. (citations omitted).

original) (quoting <u>Pearl v. Pearl</u>, 177 Cal. 303, 307 (1918)); <u>Alcott Rehab. Hosp. v. Superior Court</u>, 93 Cal. App. 4th 94, 101 (2001) (same).  As noted above, the complaint alleges that plaintiff "repeatedly" called defendant to request assistance complying with probation and further raised the issue with a judge, demonstrating that he was capable understanding the nature of his actions and was able to take appropriate action at the time the causes of action accrued.  Plaintiff is therefore not entitled to tolling under section 352 and the court next turns to section 352.1.

At the time plaintiff's claims arose, "prisoners could toll claims for their entire sentence if less than life," <u>Fink v. Shedler</u>, 192 F.3d at 914 (citation omitted); <u>see also</u> Cal. Civ. Proc. Code § 352(a) (1994) (person imprisoned for term of less than life at time cause of action accrues may toll limitations period for duration of imprisonment).  Assuming that plaintiff was incarcerated at the time his cause of action accrued, thereby entitling him to tolling based on his imprisonment, his claims are still untimely.  Although California law at the time the claims arose provided for tolling for the entirety of a plaintiff's incarceration, on January 1, 1995, section 352.1 of the California Code of Civil Procedure went into effect, replacing the original tolling statute.  <u>Fink</u>, 192 F.3d at 914.  Under section 352.1, the statute of limitations is tolled for only two years on the basis of imprisonment.  <u>Id.</u>  For plaintiffs whose claims arose prior to January 1, 1995, the statute of limitations is "tolled for two years from accrual, or until January 1, 1995, whichever occurs later."  <u>Id.</u> at 916 (citing <u>TwoRivers</u>, 174 F.3d at 995-96).  Assuming the limitations period was tolled two years from sometime in 1994, the statute of limitations for his equal protection claim would have expired in 1997 and the statute of limitations for his ADA claim would have expired the following year.  Accordingly, even if the court were to assume that plaintiff was entitled to an additional two years of statutory tolling, his complaint was filed well outside the statute of limitations.  Therefore, unless equitable tolling applies, plaintiff's claims are untimely and must be dismissed.

ii.  <u>Equitable Tolling</u>

"Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct

must have been reasonable and in good faith.'" <u>Fink</u>, 192 F.3d at 916 (quoting <u>Bacon v. City of Los Angeles</u>, 843 F.2d 372, 374 (9th Cir. 1988); <u>see also</u> <u>McDonald v. Antelope Valley Cmty. Coll. Dist.</u>, 45 Cal. 4th 88, 102 (2008) (citations omitted). Equitable tolling applies when a plaintiff pursues one of several legal remedies in good faith and "is designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied." <u>Id.</u>, 45 Cal. 4th at 99-100 (citation and internal quotation marks omitted).

> The timely notice requirement essentially means that the first claim must have been filed within the statutory period. Furthermore[,] the filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim. Generally this means that the defendant in the first claim is the same one being sued in the second.

<u>Id.</u> at 102 n.2 (alteration in original) (internal quotation marks omitted) (quoting <u>Downs v. Dep't of Water & Power</u>, 58 Cal. App. 4th 1093, 1100 (1997)).

Accepting plaintiff's allegations as true and construing them in the light most favorable to him, the court finds that plaintiff is not entitled to equitable tolling because he cannot establish the first condition that defendant had timely notice of the claim. In opposing the motion to dismiss, plaintiff states that he did not pursue legal action until he initiated this action in 2017 because he was not aware he had suffered a legal injury. ECF No. 32 at 1-2. Although the complaint alleges that plaintiff brought the denial of accommodations to the attention of a judge, it is equally clear that his complaints were raised in the context of a criminal proceeding, possibly a revocation of his parole, because he claims the judge sent him to prison for sixteen months. ECF No. 19 at 4. Because plaintiff's own allegations show that defendant did not have timely notice of his claim, plaintiff is not entitled to equitable tolling and this action is untimely.

D. <u>Conclusion</u>

The allegations of the complaint, when read with the required liberality, show that this action was untimely and that plaintiff is not entitled to sufficient tolling to make the complaint timely.

////

III.     Discovery Motions

Plaintiff has filed motions to subpoena records and compel discovery responses.  ECF Nos. 36, 37.  Because the motions are premature and it is being recommended that defendant's motion to dismiss be granted, the motions for discovery will be denied.

IV.     Motion to Proceed

Plaintiff has filed a motion requesting that this case be re-instated because he is entitled to equitable tolling due to incapacity.  ECF No. 39.  It appears that plaintiff is under the mistaken impression that this case has already been dismissed as untimely.  Id.  Because this action has not yet been dismissed, the motion will be denied as moot.  If plaintiff disagrees with these findings and recommendations regarding whether his complaint is untimely or equitable tolling applies, he may file objections for consideration by the District Judge.

V.     Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that the complaint be dismissed because you filed it too late.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions for discovery (ECF Nos. 36, 37) are denied.

2.  Plaintiff's motion to re-instate this action (ECF No. 39) is denied as moot.

IT IS FURTHER RECOMMENDED that defendant's motion to dismiss (ECF No. 31) be granted and this action be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

////

////

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE